# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUAN CARLOS CHAVEZ,

    Petitioner,

v.                                     Case No. 09-CV-0969

WILLIAM POLLARD,

    Respondent.

## DECISION AND ORDER

The petitioner, Juan Carlos Chavez[1], who is currently an inmate at the Green Bay Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, the petitioner asserts that his state court conviction and sentence were imposed in violation of the Constitution. (Petition at 2). In addition to the petition for a writ of habeas corpus, the petitioner filed a motion to proceed in forma pauperis, a "motion to issue All Writs Act," a motion for transcripts, and a motion to vacate the sentence and judgment. (Docket ## 3, 4, 5, and 7, respectively). United States District Judge William C. Greisbach granted the motion for transcripts and ordered the respondent to provide the relevant portions of the record to the petitioner in the Rule 4 Order dated July 9, 2010. (Docket # 9).

The petitioner paid the $5.00 filing fee. Therefore, his motion to proceed in forma pauperis will be denied as moot. The "motion to issue All Writs Act" and the motion to vacate the sentence and judgment will be addressed herein.

---

[1] The petitioner alternately refers to himself as "Juan Carlos Chavez" or "Juan C. Chavez" and "Juan Chavez-Chavez." Documents from his state court proceedings identify him as "Juan C. Chavez-Chavez." This court will refer to the petitioner as "Juan Carlos Chavez," because that is the name the petitioner entered on his petition for writ of habeas corpus.

## MOTION TO ISSUE ALL WRITS ACT

The petitioner's "motion to issue All Writs Act" requests that this court "release him or [r]einstate his direct appeal rights" pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2254. (Petitioner's Motion to Issue All Writs Act at 1). The petitioner has a pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which will be addressed substantively by this court when it has been fully briefed and is ready for resolution. Therefore, it is unnecessary to request another writ of habeas corpus in this motion.

It is well established that "the All Writs Act is a residual source of authority to issue writs *that are not otherwise covered by statute*. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Malave v. United States, 134 F. Supp. 2d 1019, 1021 (E.D. Wis. 2001) (quoting Carlisle v. United States, 517 U.S. 416, 428-29 [1996]) (emphasis in original). A writ releasing the petitioner from prison is essentially a request for the same relief the petitioner is seeking through his habeas petition. Therefore, the petitioner's "motion to issue All Writs Act" will be denied.

## MOTION TO VACATE SENTENCE AND JUDGMENT

The petitioner has also filed a motion to vacate his sentence and judgment of conviction, or alternatively to reinstate his direct appeal rights. According to the motion, the petitioner seeks this relief pursuant to 28 U.S.C. § § 2241 and 2255. These statutes pertain to writs of habeas corpus and the petitioner has already filed a petition seeking habeas corpus relief. Therefore, the petitioner's motion to vacate sentence and judgment will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's request to proceed in forma pauperis be and hereby is **denied as moot**. (Docket # 3).

**IT IS FURTHER ORDERED** that the petitioner's "motion to issue All Writs Act" be and hereby is **denied**. (Docket # 4).

**IT IS ALSO ORDERED** that the petitioner's motion to vacate sentence and judgment be and hereby is **denied**. (Docket # 7).

Dated at Milwaukee, Wisconsin, this 30th day of July, 2010.

BY THE COURT:

s/Patricia J. Gorence
Patricia J. Gorence
United States Magistrate Judge